UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SARAH SCHUITEMA,

       Plaintiff,                              Hon. Paul L. Maloney

v.                                            Case No. 1:24-cv-693

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of Social Security appeals, the undersigned recommends that the Commissioner's decision be affirmed.

## **STANDARD OF REVIEW**

The Court's jurisdiction is limited to a review of the Commissioner's decision and of the record made in the administrative hearing process. *Tucker v. Commissioner of Social Security*, 775 Fed. Appx. 220, 225 (6th Cir., June 10, 2019). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *Id.* at 224-25. Substantial evidence is more than a scintilla, but less than a preponderance, and constitutes such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Livingston v. Commissioner of Social Security*, 776 Fed. Appx. 897, 898 (6th Cir., June 19, 2019).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *Biestek v. Commissioner of Social Security*, 880 F.3d 778, 783 (6th Cir. 2017). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *Moruzzi v. Commissioner of Social Security*, 759 Fed. Appx. 396, 402 (6th Cir., Dec. 21, 2018). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *Luukkonen v. Commissioner of Social Security*, 653 Fed. Appx. 393, 398 (6th Cir., June 22, 2016).

## BACKGROUND

Plaintiff was 44 years of age on her alleged disability onset date. (PageID.33). She successfully completed high school but has no past relevant work experience. (PageID.33). Plaintiff applied for benefits on March 27, 2023, alleging that she had been disabled since January 15, 2020, due to an impaired immune system, depression, anxiety, post-traumatic stress disorder (PTSD), and a suicide attempt. (PageID.23, 305).

Plaintiff's application was denied, after which time she requested a hearing before an Administrative Law Judge (ALJ). Following an administrative hearing, ALJ Kevin Himebaugh, in an opinion March 29, 2024, determined that Plaintiff did not qualify for disability benefits. The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

Plaintiff's insured status expired on March 31, 2021. (PageID.25); *see also*, 42 U.S.C. § 423(c)(1). Accordingly, to be eligible for Disability Insurance Benefits under Title II of the Social Security Act, Plaintiff must establish that she became disabled prior to the expiration of her insured status. *See* 42 U.S.C. § 423; *Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990).

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f). If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a non-exertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

Plaintiff bears the burden to demonstrate she is entitled to disability benefits and she satisfies her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A). While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined. *O'Neal v. Commissioner of Social Security*, 799 Fed. Appx. 313, 315 (6th Cir., Jan. 7, 2020).

The ALJ determined that Plaintiff suffers from (1) major depressive disorder; (2) generalized anxiety disorder; and (3) post-traumatic stress disorder (PTSD), severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the

Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.26-28).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the ability to perform work at all exertional levels subject to the following limitations: (1) she can concentrate, persist, and maintain pace to perform simple, routine tasks and make simple work-related decisions and (2) she can adapt to and tolerate occasional changes in a routine work setting. (PageID.28).

The ALJ found that Plaintiff had no past relevant work experience at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that there exists in the national economy a significant number of specific jobs which Plaintiff can perform, her limitations notwithstanding. *O'Neal*, 799 Fed. Appx. at 316. In satisfying this burden, the ALJ may rely on a vocational expert's testimony. *Ibid.*

In this case, a vocational expert testified that there existed approximately 590,000 jobs in the national economy which an individual with Plaintiff's RFC could perform. (PageID.34). This represents a significant number of jobs. *See, e.g., Taskila v. Commissioner of Social Security*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'"). Accordingly, the ALJ concluded that Plaintiff was not entitled to benefits.

Plaintiff first argues that she is entitled to relief because the ALJ failed to order a consultive examination. Specifically, Plaintiff argues that because the record contained conflicting evidence, the ALJ was obligated to order that Plaintiff participate in a consultive examination.

Plaintiff bears "the ultimate burden to prove by sufficient evidence that she is entitled to disability benefits." *Trandafir v. Commissioner of Social Security*, 58 Fed. Appx. 113, 115 (6th Cir., Jan. 31, 2003). As the relevant Social Security regulations make clear, it is the claimant's responsibility to provide the evidence necessary to evaluate her claim for benefits. *See* 20 C.F.R. §§ 404.1512 and 404.1514. As the Supreme Court has observed, "[i]t is not unreasonable to require the claimant, who is in a better position to provide information about his own medical condition, to do so." *Yuckert*, 482 U.S. at 146 n.5.

Only under "special circumstances, i.e., when a claimant is without counsel, is not capable of presenting an effective case, *and* is unfamiliar with hearing procedures, does an ALJ have a special, heightened duty to develop the record." *Trandafir*, 58 Fed. Appx. at 115 (emphasis added); *Nabours v. Commissioner of Social Security*, 50 Fed. Appx. 272, 275 (6th Cir., Nov. 4, 2002). Moreover, an ALJ is not obligated to supplement the record with additional evidence unless the record as it then exists is insufficient to assess Plaintiff's residual functional capacity or otherwise resolve her claims. *See, e.g., Allison v. Apfel*, 2000 WL 1276950 at *5 (6th Cir., Aug. 30, 2000); *Lamb v. Barnhart*, 85 Fed. Appx. 52, 57 (10th Cir., Dec. 11, 2003); *Haney v. Astrue*, 2010 WL 3859778 at *3 (E.D. Okla., Sept. 15, 2010); *Brown*

*v. Commissioner of Social Security*, 709 F.Supp.2d 248, 257 (S.D.N.Y. 2010). As is recognized, "how much evidence to gather is a subject on which district courts must respect the Secretary's reasoned judgment." *Simpson v. Commissioner of Social Security*, 344 Fed. Appx. 181, 189 (6th Cir., Aug. 27, 2009). As the court further observed, to obligate the Commissioner to obtain an absolute "complete record" in each case "literally would be a formula for paralysis." *Ibid.*

The record contains approximately 500 pages of Plaintiff's medical records as well as more than 300 pages of additional information pertaining to Plaintiff's claim for benefits. Plaintiff was represented before the ALJ at the administrative hearing and there is no suggestion that Plaintiff's attorney was unfamiliar with the Social Security disability application process or was prevented from submitting to the Commissioner any relevant evidence. Moreover, Plaintiff has not demonstrated that the record before the ALJ was insufficient to assess her RFC or otherwise resolve her claims. Plaintiff has likewise failed to even suggest what a consultive examination might reveal or how such might advance her position. Instead, Plaintiff merely argues that the ALJ should have weighed the evidence differently. Such is not a basis for relief, however. Accordingly, this argument is rejected.

Plaintiff next argues that the ALJ erred because he "did not accommodate limitations described in evidence that he agrees is persuasive." Specifically, Plaintiff argues that the ALJ was obligated to include in his RFC "all of the limitations described in the State Agency administrative findings he found persuasive without qualification."

-7-

A State agency psychological consultant determined that Plaintiff experienced moderate limitation in her ability to concentrate, persist, or maintain pace and mild limitation in her ability to (1) understand, remember, or apply information; (2) interact with others; and (3) adapt or manage herself. (PageID.89). The consultant also observed that Plaintiff "may struggle with high levels or unpredictable levels of work stress or frequent changes in work routine," but that she "retains the capacity to perform simple, routine tasks on a sustained basis." (PageID.92). Finding the consultant's conclusions "partially persuasive," the ALJ largely adopted such, (PageID.33), and Plaintiff has failed to identify any *specific* functional limitations identified by the consultant which are inconsistent with the ALJ's RFC assessment.

The ALJ also discussed at length the evidence of record and how such supported his RFC assessment. (PageID.28-33). Plaintiff has articulated no error with the ALJ's assessment of the medical evidence but, again, simply implores this Court to re-weigh the evidence and reach a different result than the ALJ. Moreover, to the extent Plaintiff argues that the ALJ's RFC assessment fails because it is not directly supported by a physician's opinion, such is rejected. *See, e.g., Mokbel-Aljahmi v. Commissioner of Social Security*, 732 Fed. Appx. 395, 401-02 (6th Cir., Apr. 30, 2018) ("[w]e have previously rejected the argument that a residual functional capacity determination cannot be supported by substantial evidence unless a physician offers an opinion consistent with that of the ALJ").

The ALJ is tasked with determining a claimant's RFC.  *See* 20 C.F.R. §§ 404.1546(c), 416.946(c).  While the ALJ may not "play doctor" and substitute his own opinion for that of a medical professional, the ALJ is not required to tailor his RFC assessment to any particular opinion or item of medical evidence.  *See, e.g., Poe v. Commissioner of Social Security*, 342 Fed. Appx. 149, 157 (6th Cir., Aug. 18, 2009).  Instead, the ALJ is "charged with the responsibility of evaluating the medical evidence and the claimant's testimony to form an assessment of her residual functional capacity."  *Webb v. Commissioner of Social Security*, 368 F.3d 629, 633 (6th Cir. 2004).  This is precisely what the ALJ did and the ALJ's RFC assessment is supported by substantial evidence.  Plaintiff's argument that the ALJ should have weighed and evaluated the evidence differently not grounds for relief, however.  Accordingly, this argument is rejected.

## **CONCLUSION**

For the reasons stated herein, the undersigned recommends that the Commissioner's decision be affirmed.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within such time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: December 17, 2025         /s/ Phillip J. Green
                                                        PHILLIP J. GREEN
                                                        United States Magistrate Judge